UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:05-cr-0009-TWP-DLP |
| | ) | |
| BRIAN SCOTT JUSTICE, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On November 4, and December 3, 2019, the Court held hearings on the Petition for Warrant or Summons for Offender Under Supervision filed on August 29, 2019.  [Dkt. 4.] Defendant Justice appeared in person with his appointed counsel Sam Ansell and Julie Treida. The government appeared by Steve DeBrota, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Felecia White.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Justice of his rights and ensured he had a copy of the Petition.  Defendant Justice orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Justice admitted violation numbers 1, 2, 3, and 4 as set forth in the Petition.  [Dkt. 4.]

3. The allegations to which Defendant admitted, as fully set forth in the Petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state or local crime."** |

On May 16, 2019, a search was conducted on the offender in which multiple electronic devices were confiscated as evidence. The devices were sent for forensic analysis and at least one device was found to contain nude images of prepubescent minors. The possession of these images is in violation of 18 U.S.C. Section 2252.

2   **"The defendant shall no[t] possess any pornography, erotica or nude images. Any such material found in the defendant's possession shall be considered contraband and may be confiscated by the probation officer."**

On May 16, 2019, a search conducted at the offender's residence produced electronic devices that contained nude images of prepubescent minors.

3   **"The defendant shall abide by the Computer Restriction and Monitoring Program of the U.S. Probation Office, which includes his consent to having installed on his computer(s), any hardware or software systems to monitor his computer use. Monitoring will occur on a random and/or regular basis. The defendant will warn other occupants/or uses of the existence of the monitoring software placed on his computer(s)."**

A search conducted on May 16, 2019, produced at least two laptop computers that were not reported to the U.S. Probation office and were not being monitored.

4   **"The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance."**

On May 16, 2019, the offender provided a urine sample that yielded positive for marijuana.

4. The Court finds that:

   (a)   The highest grade of violation is a Grade B violation.

   (b)   Defendant's criminal history category is I.

   (c)   The range of imprisonment applicable upon revocation of supervised release, therefore, is 4 to 10 months' imprisonment.

5. The parties jointly recommended a sentence of ten (10) months imprisonment with lifetime supervision to follow. Upon release, the Government will withhold prosecution for the images found on Defendant's computer if no further crimes are committed by Defendant. Defendant agreed to forfeiture of the computer seized at the time of Defendant's arrest.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions set forth in the Petition, and recommends that Defendant's supervised release be revoked, and that Defendant be sentenced to the custody of the Attorney General or his designee for a period of ten (10) months, with lifetime supervision to follow. In addition to the mandatory conditions of supervision, the following conditions of supervised release, as set forth in the Revocation Parameters Worksheet [Dkt. 4-3], will be imposed:

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances

of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

These conditions are recommended to assist the probation officer in supervising the offender and to promote public safety.

14. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

15. You shall not have unsupervised meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court. You shall not have supervised meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer. Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision.

16. You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, intentional communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.

17. You shall not participate in unsupervised meetings, intentional communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor, including any child pornography offense, except as disclosed to the probation officer and approved by the court. This condition is not intended to prevent you from participating in treatment programs or religious services with felons in such programs/services so long as the activity has been disclosed as described above.

18. You shall not enter or remain at a place for the primary purpose of observing or contacting children under the age of 18.

19. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer.  You shall warn other occupants these locations may be subject to searches.

20. You shall not possess any child pornography or visual depictions of child erotica or nude minors. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.

21. You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer.

22. You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment.

23. You shall pay the costs associated with the following imposed conditions of supervised release, to the extent you are financially able to pay: sexual disorder treatment and physiological testing, and computer monitoring systems. The probation officer shall determine your ability to pay and any schedule of payment.

Defendant reviewed the foregoing conditions as set forth in the Revocation Parameters Worksheet [Dkt. 4-3], and they were reviewed by defendant with his attorney. Defendant, on the record, waived reading of the above-noted conditions of supervised release.

The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated: 9 DEC 2019

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system