UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No.  1:05-cr-0009-TWP-TAB |
| BRIAN SCOTT JUSTICE, | ) ) | - 01 |
| Defendant. | ) ) | |

**REPORT AND RECOMMENDATION**

On March 27, 2025, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on March 13, 2025.  Defendant Justice appeared in person with his appointed counsel Sam Ansell.  The government appeared by Patrick Gibson, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Tasha Taylor.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.  The Court advised Defendant Justice of his rights and provided him with a copy of the petition.  Defendant Justice orally waived his right to a preliminary hearing.

2.  After being placed under oath, Defendant Justice admitted violation numbers 1, 2, 3, and 4.  [Docket No. 53.]

3.  The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage."** |

On February 25, 2025, Mr. Justice submitted to a routine urinalysis, which returned positive for amphetamines. After being caught with a device to tamper with the results of the screen, Mr. Justice admitted to using methamphetamine on or about February 21, 2025. On March 5, 2025, Mr. Justice submitted to a follow-up urinalysis, which returned positive for amphetamines. This sample has been sent to Alere Toxicology Services for confirmation testing.

As previously reported to the Court, Mr. Justice submitted urine screens on March 5, and March 12, 2024, which returned positive for amphetamines. Mr. Justice admitted methamphetamine use prior to the March 5, 2024, screen. When confronted with the March 12, 2024, result, Mr. Justice denied use. The sample was sent to Alere Toxicology Services for further testing, and confirmed positive for methamphetamine.

| | |
|---|---|
| 2 | **"You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods."** |

On February 25, 2025, Mr. Justice was asked to submit to a routine urinalysis, which was unobserved. When he provided this officer the sample, it was deemed to be the incorrect temperature. He was instructed to report to the office to submit to an observed urinalysis that same date. When Mr. Justice attempted to provide his sample, he was caught with a device to try and circumvent the collection process. He admitted to tampering with both collections on February 25, 2025.

| | |
|---|---|
| 3 | **"You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. You shall sign all applicable releases of information as required to allow the probation officer to communicate with the** |

      **provider. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer."**

On March 10, 2025, this officer received confirmation from his mental health provider that Mr. Justice last attended services with Inspire Counseling and Support Center on October 25, 2024. Mr. Justice admitted on February 25, 2025, he has not taken his prescribed mental health medications since January 2025.

4      **"You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer."**

Mr. Justice was terminated from treatment with Indianapolis Counseling Center on March 6, 2025, due to his continued refusal to "engage in the recovery process," paired with violating his zero tolerance policy with the agency.

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade B violation.

    (b) Defendant's criminal history category is I.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 4 to 10 months' imprisonment.

5. The government recommended a sentence of 12 months with lifetime supervision. Defendant's counsel argued for continued supervision with no incarceration, a sentence within guidelines or if above guidelines, 12 months and 1 day.

The Magistrate Judge, having considered the relevant factors in 18 U.S.C. § 3553(a), *see* 18 U.S.C. § 3583(e) and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 10 months with

lifetime supervised release to follow. In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the federal judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

12. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

    Justification: Conditions 1-12 are considered administrative in nature and will enable the probation officer to effectively supervise the offender within the community.

13. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

14. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

15. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

    Justification: Conditions 13-15 are recommended to address the offender's history of substance abuse, as well as to address negative thinking patterns. Additionally, the conditions will help to ensure compliance with a drug-free lifestyle.

16. You shall not have unsupervised meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court. You shall not have supervised meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer. Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision.

17. You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, intentional communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.

18. You shall not participate in unsupervised meetings, intentional communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor, including any child pornography offense, except as disclosed to the probation officer and approved by the court. This condition is not intended to prevent you from participating in treatment programs or religious services with felons in such programs/services so long as the activity has been disclosed as described above.

19. You shall not enter or remain at a place for the primary purpose of observing or contacting children under the age of 18.

20. You shall not possess any child pornography or visual depictions of child erotica or nude minors. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.

21. You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer.

22. You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment.

    Justification: Conditions 16-22 are necessary to protect the community given the nature of the instant offense, as well as the offender's lack of impulse control while on supervision.

23. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

    Justification: Given the offender's conviction for possession of child pornography, as well as his impulse control issues while on supervised release, this condition is necessary to hold him accountable for his actions, as well as to provide a protective measure to the community.

24. You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. You shall sign all applicable releases of information as required to allow the probation officer to communicate with

    the provider. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

    Justification: This condition is necessary to address the offender's underlying mental health concerns, ensuring his wellbeing and thus, the safety of the community.

25. You shall pay the costs associated with the following imposed conditions of supervised release, to the extent you are financially able to pay: sexual disorder assessment/treatment, physiological testing, mental health treatment, and computer monitoring systems. The probation officer shall determine your ability to pay and any schedule of payment.

    Justification: This condition will ensure the offender is invested in his treatment.

The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

    The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 3/28/2025

*Paul R. Cherry*
Paul R. Cherry
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system